Barbour, J.
The pleadings and evidence in this case show, that Valentine Ruppert, the plaintiffs’ testator, procured from the defendants an insurance of $2000 upon his own life, “ for the sole and separate use and benefit of his three children,” naming them; the said Sum to be paid “to the said assured, their executors, administrators or assigns.” After that, V. Ruppert, by his last will and testament, gave and devised the policy of insurance in question to his executors, in trust for certain purposes; and they now bring this action thereon.
The single question in the case is, whether the children named in the policy did, or did not, take a vested estate. or interest in the sum insured, upon and by the delivery of the policy to their father ?
The charter of the defendants contains a clause as follows : “ The said company may issue policies of insurance upon the life of any person, expressed to be for the benefit of any woman, minor or minors; and the same shall enure to the benefit of such person or persons-so expressed as aforesaid, independently of the one whose life may be thus insured, as well as his or her creditors.”
What rule of law was' this act intended to remedy ? Or, in other words, what object.did the legislature design to accomplish by it ? (Dwarr. on Stat. 562. Donaldson v. Wood, 22 Wend. 395.)
Under the common law, an insurance could not be effected for the benefit of a person having no pecuniary interest in the subject matter insured, at the time of the execution of the policy. The only manner in which a father could provide for his wife or minor children, by way of a life policy upon himself, was to insure his life for his own benefit. But, in that case, the provision would not be certain to reach them; for the insurance moneys would be subject to his acts and debts. Was it not the intention of the legislature' to so remedy that evil, by the *157 statute in question, as to permit a man, while in prosperity, to make a certain and absolute provision for his family ?, one that would not be liable to any contingency ? I am unable to see any other object in the clause in question.
Assuming, then, as I think we may, that such was the object, and such the effect of the act, it must be held that both of the parties to the transaction so understood the contract of insurance entered into by them; and it follows, as a necessary sequence—independent of, and over and beyond the strong language of the act, as well as of the policy itself—that both the testator and the company intended and designed that the persons named as the beneficiaries therein, should be, and were, vested with the entire beneficial interest in the sum insured, upon and by the delivery of such policy.
The children, therefore, and not the executors, are entitled to the fund in question; and, of course, judgment must go for the defendants.