SABIN v. GRAND LODGE OF A. O. U. W. OF NEW YORK et al.

(*Supreme Court, General Term, Fifth Department.* December 30, 1889.)

MUTUAL BENEFIT INSURANCE—CHANGE OF BENEFICIARY.

    A mutual benefit society was incorporated under Laws N. Y. 1877, c. 74, which provides that a beneficiary fund, created as therein specified, shall be paid over to the families or representatives of the deceased, or to such person as he may have directed in his life-time, and that the rules and by-laws of the association shall govern as to the person to whom the fund shall be paid. The by-laws provided that any holder of a certificate might make a new direction by indorsement on the certificate in the prescribed form, whereupon the old certificate should be surrendered if practicable. *Held*, that a husband, who has caused a certificate to issue payable to his wife, and delivered it to her, might, after repossessing himself of it without her consent, cause the beneficiary to be changed, by substituting a stranger.[1]

Appeal from judgment on report of referee.

Action by Ella A. Sabin against the Grand Lodge of the Ancient Order of United Workmen of the State of New York and Andrew S. Phinney to recover the amount of a mutual benefit insurance certificate. The complaint was dismissed on the merits, and plaintiff appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*John Griffin* and *D. M. Page,* for appellant.    *George N. Orcutt,* for defendant Phinney.

MACOMBER, J    When this action was before the court on the former appeal, the opinion by the learned justice to whom the case was assigned held substantially, with much elaboration, that the plaintiff could not recover, inasmuch as it was competent for her husband to change the beneficiary named in the certificate which was issued by the defendant corporation to him. 6 N. Y. St. Rep. 151. But the majority of the court did not concur in, though they did not dissent from, that conclusion, but contented themselves with agreeing to an order for a new trial, upon the ground of erroneous admission of evidence of the plaintiff, under section 829 of the Code of Civil Procedure. The Grand Lodge of the Ancient Order of United Workmen is a domestic cor-

---

[1]As to the right of a member of a mutual benefit society to change the beneficiary named in his policy, and the mode of effecting such change, see Knights of Honor v. Watson, (N. H.) 15 Atl. Rep. 125, and note; Lyon v. Rolfe, (Mich.) 42 N. W. Rep. 1094, and note; Garner v. Insurance Co., (N. Y.) 18 N. E. Rep. 130.

poration, organized prior to March 24, 1879, pursuant to chapter 74 of the Laws of 1877, as amended by chapter 69 of the Laws of 1878. This corporation was authorized to establish subordinate lodges, one of which was located at the village of Hornellsville, known as the "George Washington Lodge, No. 132." John C. Sabin, the husband of the plaintiff, became a member of this subordinate lodge, and took the degree of master workman on the 24th day of March, 1879, when a beneficiary certificate was issued to him by the corporation, the material part of which is as follows:

"No. 9,513. $2,000.

"THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF NEW YORK.

"This certificate, issued by the authority of the Grand Lodge of the Ancient Order of United Workmen of the State of New York, witnesseth: That John C. Sabin, a master workman degree member of the George Washington Lodge, No. 132, of said order, located at Hornellsville, in the state of New York, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the beneficiary fund of the order to the amount of $2,000, which sum shall, at his death, be paid to Ella A. Sabin."

The plaintiff received such certificate from John C. Sabin, and placed the same for safe-keeping in her private box, where it remained until the month of May, 1883, when John C. Sabin and the plaintiff separated, and never afterwards lived together as husband and wife. At about this time John C. Sabin took the certificate from the plaintiff's box, or otherwise obtained possession of it, without her knowledge or consent. Meeting the defendant Andrew S. Phinney shortly thereafter, John C. Sabin expressed to him a determination to sever his connection with the order, which Phinney undertook to dissuade him from doing, and offered to pay the assessments which might be made upon the certificate or policy, if Sabin would give him an assignment of the same. To this Sabin assented, and on the 10th day of July, 1883, indorsed upon the certificate, so issued to the plaintiff, a redesignation of the beneficiary, in the following words: "I, John C. Sabin, to whom the within certificate was issued, do hereby revoke my former direction of, or the payment of, the beneficiary fund due at my death, and now authorize and direct said payment to be made to A. S. Phinney, or his heirs bearing the relationship to himself of ———." This was attested by the recorder of the Washington Lodge, and the seal of the corporation attached. The same was delivered to Phinney, and by him delivered to the grand recorder of the defendant corporation, where it was filed upon payment of the usual charges. Subsequently, and on the 20th day of July, 1883, a new certificate was issued by the Grand Lodge to Phinney, in all respects like the one hereinbefore set forth, except that Phinney or his heirs were named as beneficiaries therein, and its date was the 17th day of July, 1883. From the time of the agreement made between John C. Sabin and Phinney, the defendant Phinney continued to pay the dues and assessments, and in all respects complied with the by-laws and regulations of the Grand Lodge, up to the 13th day of October, 1883, when John C. Sabin was killed in a railroad accident. The defendant Phinney was not related to John C. Sabin in any degree of affinity or consanguinity.

The question to be decided upon this appeal is whether it was competent for John C. Sabin to change the designation of the beneficiary in this certificate. The solution of this question is to be had from an inspection of the certificate itself, and of the constitution and by-laws of the order under which it was issued, for it does not appear that the plaintiff had any right to the benefit of the provisions thereof, except as the same was acquired by virtue of the certificate, and of its delivery by the assured to her. The circumstances

that, subsequently to the issuing of this certificate, the plaintiff herself took out one in the same company in the sum of $2,700, in which her husband was named the beneficiary, and after the separation of the parties such designation was changed from her husband to her personal representatives, is unimportant in considering the legal bearing of this question.    The charter and by-laws of the lodge constitute a part of the executory contract which was entered into between John C. Sabin and the corporation.    *Hellenberg* v. *Independent Order of B'nai Berith*, 94 N. Y. 580; *Bown* v. *Association*, 33 Hun, 263; *Sanger* v. *Rothschild*, 2 N. Y. Supp. 794; Bac. Ben. Soc. §§ 236, 237.    The charter of the lodge provides (section 4, c. 74, Laws 1877) as follows: "Such beneficiary fund as may be ordained suitable by said corporation may be set apart and provided to be paid over to the families, heirs, or representatives of deceased or disabled members, or to such person or persons as such deceased member may, while living, have directed; and the collecting, management, and disbursement of the same, as well as the person or persons to whom, and the manner and time in which, the same shall be paid on the death of a member, shall be regulated and controlled by the rules and by-laws of the corporation."    Section 17 of the by-laws reads as follows: "Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing upon the back of his certificate, in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by the payment to the Grand Lodge of the sum of fifty cents; but no change or direction shall be valid, or have any binding force or effect, until it shall have been reported to the grand recorder, the old certificate, if practicable, filed with him, and a new beneficiary certificate issued thereon, and the said new beneficiary certificate shall be numbered the same as the old certificate."

So long as the plaintiff had no interest in the certificate save that which was voluntarily given her without consideration, it was competent for the assured to designate a new person as the recipient of the moneys becoming payable upon his death.    There is not found in the certificate or in the charter or by-laws of the lodge any provision which, in the absence of any claim which is not greater than a proposed gift, prohibits a new and different designation of the beneficiary in the certificate down to the very time of the death of the assured.    There was no executed gift by the husband to the wife in the delivery by him to her of the certificate alone, because, while she thus held the possession of it, she was bound equally with her husband by the several provisions of the charter and by-laws, which permit a free transfer of the certificate.    This consideration removes the case from the operation of that class of decisions of our courts relating to an entirely different kind of insurance, under different laws and regulations, and aimed at different purposes.    Upon these considerations it follows that the judgment should be affirmed, but without costs.    All concur.