LOUIS S. STERRITT and ARTHUR H. GRANT, as Executors, etc., of
DAVID BEVERIDGE, Deceased, Appellants, v. THE MANHATTAN
LIFE INSURANCE COMPANY of New York and Others, Defendants,
Impleaded with MARTIN L. LEE, as Administrator, etc., of MARION
BEVERIDGE, Deceased, and JOHN F. BEVERIDGE, Respondents,
and FRANCES R. EMERSON, Appellant.

*Life insurance — on a son's life for the benefit of his mother — to whom payable where
the mother dies before the son.*

A policy of insurance on the life of a son, issued on an application signed by him
on behalf of his mother, which is, by its terms, payable to the mother and her
executors, administrators and assigns, and recites that she has an interest in
the son's life to the full amount of the sum named therein, belongs, in case of
the death of the mother before the son, to the mother's estate, and her adminis-
trators have no authority to assign it, except for a valuable and sufficient
consideration.

Such a policy cannot be construed as indicating an intention on the part of the
son that it 'should be paid to the mother if she survived him, and, if not, to
such beneficiary as the son might designate.

APPEAL by the plaintiffs, Louis S. Sterritt and another, as execu-
tors, etc., of David Beveridge, deceased, and by the defendant
Frances R. Emerson, from a judgment of the Supreme Court in
favor of the defendant Martin L. Lee, as administrator, etc., of
Marion Beveridge, deceased, entered in the office of the clerk of the
county of New York on the 11th day of August, 1898, upon the
decision of the court rendered after a trial at the New York Special
Term, adjudging that the defendant Martin L. Lee, as administra-
tor, etc., of Marion Beveridge, deceased, is entitled to the policy of
insurance sued upon and to the proceeds of said policy on deposit
with the court.

This appeal was transferred from the first department to the sec-
ond department.

*Hubert E. Rogers,* for the plaintiffs, appellants.

*Gilbert W. Minor,* for the defendant Emerson, appellant.

*Robert V. S. Samuels,* for the defendants Martin. L. Lee, as
administrator, etc., and John F. Beveridge, respondents.

Judgment affirmed, with costs, on the opinion of CHASE, J., at Special Term.

All concurred.

The following is the opinion of CHASE, J., at Special Term :

CHASE, J. :

The policy in question was issued by the Manhattan Life Insurance Company on the 17th day of April, 1868, and among other things provides : " That the Manhattan Life Insurance Company, in consideration of the sum of one hundred and eight dollars and fifty cents to them in hand paid by Mrs. Marion Beveridge, * * * do assure the life of David Beveridge of New York * * * in the amount of Five thousand dollars, for the term of his natural life, for the sole use of the said Marion Beveridge. And the said company do hereby promise and agree to and with the said assured, her executors, administrators and assigns, well and truly to pay or cause to be paid the said sum insured to the said assured, her executors, administrators or assigns, within ninety days after due notice and satisfactory evidence of the death of the said David Beveridge. * * * " Marion Beveridge was the mother of David Beveridge.

The application for the policy is signed, " David Beveridge in behalf of Mrs. Marion Beveridge." In the application Marion Beveridge states, " I, Mrs. Marion Beveridge of Newburgh, county of Orange, State of New York, * * * being desirous of effecting an assurance with The Manhattan Life Insurance Company in the sum of five thousand dollars upon the life of David Beveridge, * * * that I have an interest in his life to the full amount of said sum of five thousand dollars."

At the time this policy was issued Marion Beveridge was about fifty years of age, and David Beveridge was about twenty-eight years of age. Neither at the time the policy was issued nor at any time subsequent was Marion Beveridge dependent upon her son David Beveridge for her support and maintenance. Her death occurred on the 12th day of January, 1895, and she left her surviving three children, her only next of kin, namely, David Beveridge, Marion B. Lee and John F. Beveridge. Letters of administration were granted upon her estate to Martin L. Lee as administrator in February,

1895.   Subsequent to her death David Beveridge wrote to Mr. Lee, the administrator of the estate of Marion Beveridge, and inclosed an assignment of the policy in question, and requested him to execute the same.   This was the first knowledge the administrator had of the existence of the policy. . In this letter, which is dated October 3, 1896, David Beveridge states: "About twenty-eight years ago I took out policy No. 24,512 in Manhattan Life Insurance Co. for the benefit of mother in case of my decease — of course I paid all the annual prem's, she bearing none of the expense.   In fact I never told her of the insurance until a few years ago."   In compliance with this request the administrator of Marion Beveridge, on the 9th day of October, 1896, executed in duplicate an assignment of the policy to David Beveridge.   No consideration was paid the administrator for said assignment.   David Beveridge died on the 7th day of February, 1897, leaving a last will and testament which, with the codicil thereto, has been duly admitted to probate.   The policy in question, with receipts, showing the payment of the several premiums, but not stating from whom received, was found among the papers of David Beveridge after his decease.   The will of David Beveridge was executed on the 7th day of May, 1894, twenty-six years after the policy was issued, and by his will he bequeathed to his mother, Marion Beveridge, the proceeds of said policy of insurance, but provided that in case she did not survive him, the proceeds of said policy should be paid to certain charitable institutions.   On the 29th day of December, 1896, and subsequent to the death of Marion Beveridge, David Beveridge executed a codicil to his will, by which codicil he provides that the proceeds of said policy, together with other moneys bequeathed to his mother, be paid to Frances R. Emerson.   The proceeds of said policy, amounting to $4,771.46, have been paid into court by the defendant, the Manhattan Life Insurance Company, subject to the determination and direction of this court.

The policy on its face purports to be a contract between the Manhattan Life Insurance Company of the one part and Marion Beveridge of the other part.   Marion Beveridge was the assured and David Beveridge is in no way connected with the contract, except, *first*, as the agent of Marion Beveridge in obtaining the

insurance for her, and, *second*, as the person, the termination of whose life fixed the time when the amount of the policy should be payable to Marion Beveridge, her executors, administrators or assigns. Marion Beveridge, being the mother of David Beveridge, had an insurable interest in his life. The application, which formed a part of the contract, *expressly* states that Marion Beveridge has an interest in the life of David Beveridge to the full amount of the $5,000. As David Beveridge acted as the agent of his mother, Marion Beveridge, in the transaction, the policy must be deemed to have been delivered to Marion Beveridge and to have remained in her possession. Taking the policy as it reads, Marion Beveridge had a vested interest in the contract, and the same could not be assigned except by her and her executors, administrators or assigns. (*Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y. 143; *Garner* v. *Germania Life Ins. Co.*, 110 id. 266; *Ferdon* v. *Canfield*, 104 id. 143; *Cyrenius* v. *M. L. Ins. Co.*, 145 id. 576; *Olmstead* v. *Keyes*, 85 id. 593; *U. S. Trust Co.* v. *Mutual Benefit Life Ins. Co.*, 115 id. 152; *Griswold* v. *Sawyer*, 125 id. 411; *Geoffroy* v. *Gilbert*, 5 App. Div. 98; *Stillwell* v. *Mut. Life Ins. Co.*, 72 N. Y. 385.)

It is claimed that the intention of David Beveridge should govern and that it was the intention of David Beveridge that this policy should be payable to his mother, Marion Beveridge, if living, or in case of her death, it should be subject to his will or further designation of a beneficiary. Assuming that his intention should govern, we find that the contract itself expressly provides for the payment of the amount to Marion Beveridge, her *executors, administrators and assigns*. The application states that Marion Beveridge has an interest in the life of David Beveridge to the full amount of the $5,000. Marion Beveridge, at the time of this transaction, resided in Newburgh, in the State of New York, while her son resided in Wisconsin. There is no evidence that he ever contributed to the support of his mother. It is affirmatively shown that she was not dependent upon him for support and maintenance. At the time the policy was issued the husband of Marion Beveridge was living, and she had a separate estate which amounted to at least $10,000, at the time her of death in 1895. After the death of Marion Beveridge, David Beveridge desired to change the beneficiary, but there is

nothing in the letter written by him to the administrator of his mother's estate, assuming that the same was properly received in evidence, to show that he had any intention, *at the time the policy was given,* to restrict the unqualified statement that on his death the amount should be payable to his mother, the assured, her executors, administrators or assigns. The letter simply states that he took out a policy for the benefit of his mother in case of his decease, and does not in any way refer to his intention at that time. In his letter he assumes that the policy belonged to himself and asks for and procures the assignment. He in no way suggests that the policy is not in the form intended by him at the time he took it as the agent of his mother. The estate of Marion Beveridge having a vested interest in the proceeds of the policy, the administrator of the estate had no authority to transfer the same, except for a valuable and sufficient consideration. The statement in the application that Marion Beveridge had an interest in the life of David to the full amount of $5,000 is not directly or indirectly controverted. She may have advanced to her son an amount equal to or in excess of this policy, and thus had an interest in his life apart from the fact of the relationship existing between them. There is nothing in the surrounding circumstances, as shown in the case of *Bickerton* v. *Jacques* (28 Hun, 119), by which it can be inferred that the sole and only reason which actuated the son in taking out the policy was to provide for the support and maintenance of his mother in case of his death. The evidence herein does not justify a finding that the intention of David Beveridge in taking out the policy in the name of his mother was other than as the same is clearly and expressly stated in the policy itself. The amount deposited by the Manhattan Life Insurance Company under the order herein should be paid to the administrator of Marion Beveridge, deceased, and a decision and judgment may be prepared accordingly, with costs against the plaintiffs and in favor of the defendant Martin L. Lee, as administrator of the estate of Marion Beveridge, deceased.