DUNN v. NEW AMSTERDAM CASUALTY CO.

(Supreme Court, Appellate Term. March 10, 1910.)

1. INSURANCE (§ 586*)—LIFE INSURANCE—INTEREST OF BENEFICIARY—VESTED INTEREST.

The beneficiary named in a life policy ordinarily has a vested interest therein from the time the contract is made, unless insured reserved the right to change beneficiaries.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. § 586.*]

2. INSURANCE (§ 586*)—BENEFICIARY—VESTED INTEREST—CASUALTY INSURANCE —CHANGE OF BENEFICIARIES.

The beneficiary under an insurance policy issued by a casualty company doing business under Insurance Law (Consol. Laws, c. 28) art. 2, which does not provide for a change of beneficiaries without the beneficiary's consent, has a vested interest in the policy, and not a mere inchoate right; the policy not permitting insured to change beneficiaries, and providing that on his death the indemnity shall be payable to the beneficiary named in the stub, unless he predeceases insured, when it shall be payable to the latter's legal representative.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. § 586.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INSURANCE (§ 646*)—ACTIONS BY LEGAL REPRESENTATIVES—BURDEN OF PROOF—DEATH OF BENEFICIARY—DEATH BEFORE INSURED.

In an action by insured's administrator upon a policy entitling insured's legal representatives to recover thereon only where the beneficiary died before insured, the burden was upon plaintiff to prove an allegation of the complaint that the beneficiary named died before insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1648; Dec. Dig. § 646.*]

4. DEATH (§ 5*)—SURVIVORSHIP—PRESUMPTIONS.

Where two persons die in the same disaster, there is no presumption as to who survived the other, irrespective of their age, sex, or physical condition.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 7; Dec. Dig. § 5.*]

Whitney, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Harry Dunn, as administrator of Julia Dunn, deceased, against the New Amsterdam Casualty Company. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

See, also, 63 Misc. Rep. 225, 118 N. Y. Supp. 491.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Henry C. Burnstine, for appellant.
Carl Schurz Petrasch, for respondent.

SEABURY, J.   The determination of this appeal must turn upon the solution of the question whether under the terms of the policy the beneficiary had a vested interest, or whether she had a mere expectancy. If the beneficiary had a vested interest, then Southwell v. Gray, 35 Misc. Rep. 740, 72 N. Y. Supp. 342 and the authorities therein cited, have no application to this case. The policy upon which the action is brought contains no provision permitting the assured to change the beneficiary. The defendant is an insurance corporation conducting business under article 2 of the insurance law (Consol. Laws, c. 28). It is significant that there is no provision contained in article 2 of the insurance law similar to section 211 of article 6 of the insurance law, which relates to the conduct of life or casualty insurance corporations upon the co-operative or assessment plan, which permits a change of the payee or beneficiary without his or her consent.

The rule is well established that the beneficiary designated in the ordinary life insurance policy has a vested interest from the time the contract of insurance is made, in the absence of the insured reserving the right to change the beneficiary. Bank v. Hume, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; Garner v. Germania Life Ins. Co., 110 N. Y. 266, 18 N. E. 130, 1 L. R. A. 256; Fowler v. Butterfly, 78 N. Y. 68, 34 Am. Rep. 507; Stilwell v. Mutual Life Ins. Co., 72 N. Y. 385; Sangunnitto v. Goldey, 88 App. Div. 78, 84 N. Y. Supp. 989; Geoffroy v. Gilbert, 5 App. Div. 98, 38 N. Y. Supp. 643; Ruppert v. Union Mutual Life Ins. Co., 7 Rob. 155; Sterrit v. Lee, 24 Misc. Rep. 324, 52

N. Y. Supp. 1132. In Bank v. Hume, supra, Chief Justice Fuller stated the rule in the following language:

"It is, indeed, the general rule that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance by any act of his, by deed or by will, to transfer to any other person the interest of the person named."

An entirely different question would be presented if the policy had been issued by a mutual benefit association, or if the right to change the beneficiary had been reserved in the policy, or if the rules of the insurer or the statutes of the state, which became a part of the contract, gave such a right of change to the insured. The distinction between these two classes of cases is recognized in many cases in this state. Luhrs v. Supreme Lodge, Knights and Ladies of Honor, 54 Hun, 636, 7 N. Y. Supp. 487; Sabin v. Grand Lodge of A. O. U. W. of N. Y., 55 Hun, 603, 8 N. Y. Supp. 185; Steinhausen v. Preferred Mutual Accident Ass'n, 59 Hun, 336, 13 N. Y. Supp. 36. I can find no justification for holding that this case does not come within the general rule. Under this general rule the beneficiary had a vested interest, and not a mere expectancy or inchoate right. Under the terms of the policy the legal representatives of the insured were entitled to recover only "in the event of the prior death of such beneficiary."

The complaint upon which the action is brought alleged that the beneficiary named in the stub attached to the policy of insurance died prior to the time of the death of the said insured. Under the terms of the policy and the allegations of the complaint, it was necessary, in order to enable the plaintiff to recover, that this allegation should be proved. The proof showed merely that the insured and the beneficiary died in a common disaster. No presumption exists as to who survived the other. The civil law recognizes certain rules in respect to age, sex, and physical condition by which survivorship may be determined; but the common law indulges in no presumption on the subject. "It will not raise a presumption by balancing probabilities, either that there was a survivor, or who it was." Newell v. Nichols, 75 N. Y. 78, 89, 31 Am. Rep. 424.

The question as to whether the beneficiary survived the insured was one as to which there was no evidence, and as to which the law permitted no inference to be drawn. The total absence of evidence on the subject necessarily made it impossible for the plaintiff to prevail in this action.

Judgment affirmed, with costs.

GUY, J. (concurring). The action is brought by the administrator of the assured to recover $1,000 on a policy of accident insurance issued by defendant company to one Julia Dunn, in which policy Mary Hagenbucher was named as beneficiary of the indemnity for loss of life on the part of the assured. The policy, after providing for payments of various sums for injuries not involving loss of life, reads as follows:

"The indemnity for loss of life shall be payable to the beneficiary named in the stub attached hereto, or in the event of the prior death of such bene-

ficiary, or in the event that no beneficiary is named in the said stub as herein provided, then to the legal representatives of the assured."

The facts of the case are not disputed. It is conceded that the assured and the beneficiary perished in June, 1904, in the burning of the steamboat General Slocum, and there is no evidence of survivorship. The court below held, in dismissing the complaint, that the burden was upon the plaintiff to prove that the intestate survived the beneficiary, and that in the absence of such proof the plaintiff could not recover.

The appellant contends, however, that it is evident, from the reading of the contract as an entirety, which is upon a printed form furnished by defendant, that the parties to the contract did not have in contemplation the simultaneous death of the assured and the beneficiary; that the sole intent and purpose of the clause as to life indemnity was to provide for the payment of the life indemnity to the beneficiary, should she be living and capable of receiving the same at the time of the death of the assured. In support of this contention the appellant cites various authorities on the construction of wills, which, however, do not seem to be applicable to the question involved in this controversy. This is not a question of the intent of a single party signing an instrument, but of the intent of both parties to a written instrument, as embodied in the language of the instrument itself. On the point in controversy the instrument is not ambiguous, but clear and explicit, in its provision that, in the event of the death of the assured, "indemnity for loss of life shall be payable to the beneficiary named in the stub," with the further provision that, if no beneficiary is named, or "in the event of the prior death of such beneficiary," it shall be payable to the legal representatives of the assured.

There can be no question that this created a vested interest in the beneficiary upon the issuing of the policy, which vested interest would be divested by the happening of the death of the beneficiary prior to the death of the assured. "The alternative beneficiary is not entitled to the fund until the vested right of the primary beneficiary has been divested." The primary beneficiary is not "called upon, in the first place, to prove a negative. * * * The burden of proof is therefore clearly and logically upon the alternative beneficiary to show a divestiture." U. S. Casualty Co. v. Kacer, 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641. The various authorities cited by the appellant in contravention of this rule appear to relate to policies of insurance wherein the assured reserved the right to change the beneficiary, in which case there would clearly be no vesting of rights under the contract in the beneficiary; but no such provision is contained in the policy involved in this action.

For the reason above stated, the judgment should be affirmed.

WHITNEY, J. (dissenting). The clause to be construed is conceded to be what by intrinsic evidence it appears to be, namely, a part of the defendant's printed form. Hence the special environment of the deceased ladies would be immaterial to the decision of the case, even if the record showed it. Whatever the clause means in this policy, it means in all the policies written upon the same form. By the same

reasoning the will cases relied upon by appellant are not analogous. In each the special environment of the testator is one of the controlling elements of the decision. I agree entirely with Justice GUY in excluding them from consideration.

But it is evident that the construction given in his opinion, although consonant with the more obvious construction of the policy, is contrary to its intent, or rather, perhaps, to what the parties would have intended, if it had occurred to them to have any intent about it. It was intended that the money should go to the assured, or to her legal representatives, or to the beneficiary, but in no case to the legal representatives of the beneficiary. If a married couple should die together in such a catastrophe, without children, but each leaving a mother, nobody would suppose that either would prefer. that his or her insurance should go to his or her mother-in-law; nor would an insurance company, desirous of putting out a popular form of. policy, put one out which would lead to such a result. Hence I think that we may safely assume that by the true intent of the policy the money should go to the husband of the deceased, and not to whoever may be the legal representatives of the other lady. If such a result can be reached by any tenable construction of the words of the policy, that construction should be adopted. I think that it can be done. The money is to "be payable to the beneficiary; * * * in the event of the prior death of such beneficiary, * * * then to the legal representatives of the assured." The policy was not payable until after the death of the assured. The death of the beneficiary was prior to the date of payability. The result reached is in accord with the dictum of Chase, J., in St. John v. Andrews Institute, 191 N. Y. 254, 275, 83 N. E. 981, and with the decisions in Paden v. Briscoe, 81 Tex. 563,[1] Fuller v. Linzee, 135 Mass. 468, and other cases cited by him from the Reports of other states. He also approves the Special Term decision of Kenefick, J., in Southwell v. Gray, 35 Misc. Rep. 740, 745, 746, 72 N. Y. Supp. 342, which disapproves the cases relied upon by respondent here (Cowman v. Rogers, 73 Md. 403, 21 Atl. 64, 10 L. R. A. 550; United States Casualty Co. v. Kacer, 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641).

The construction thus given to this policy is in accord with the general rules as to construction of contracts. 2 Kent, 554, quoted in Genet v. Delaware & Hudson Canal Co., 163 N. Y. 173, 179, 57 N. E. 297; Jackson v. Topping, 1 Wend. 388, 396, 19 Am. Dec. 515. The policy restricted its benefits to one "actually riding as a passenger in a place regularly provided for the transportation of passengers within a * * * steamboat * * * provided by a common carrier for passenger service only." The steamboat company is a common carrier. True, this steamboat was specially chartered by an excursion party; but it was regularly provided for the transportation of passengers. It was not a freight boat, and it was regularly in the business of taking similar parties to either of two specified pleasure resorts.

For these reasons, I dissent from the conclusion to which the court has come.

[1] 17 S. W. 52.