(35 Misc. Rep. 740.)

SOUTHWELL et al. v. GRAY.

(Supreme Court, Special Term, Erie County. September, 1901.)

1. DEATH—PRESUMPTION OF SURVIVORSHIP.
Where a husband and wife die in the same night, as the result of the escape of poisonous gas from a stove in their bedroom, there is no presumption of survivorship.

2. BENEFIT INSURANCE—DEATH OF BENEFICIARY.
Where a benefit insurance policy is payable to the wife of the insured, her interest in it is of mere expectancy, which is defeated by a failure to survive the husband.

3. SAME.
A husband took out a benefit certificate in favor of his second wife, which certificate, under the constitution and by-laws of the corporation, was for the benefit of his widow, children, or his dependents. The husband and wife both died in the same night. *Held*, that no interest in the fund ever vested in the wife or her next of kin, and the proceeds of the policy passed to the children of his first marriage under the provision

of the policy controlling distribution where designation of insured failed "for illegality or otherwise."

4. SAME—PAYMENT OF FUNERAL EXPENSES.
   Where the administrator of a second wife pays the funeral expenses of the husband and wife, who both died at the same time, such expenses are not a legal charge on a fund derived from a life insurance policy payable to the children of deceased's first wife.

5. FOREIGN INSURANCE COMPANY.
   A foreign benefit association lawfully doing business in the state is subject to Laws 1892, c. 690, § 233, governing similar corporations in the state.

Action by Johannah Southwell and others against John R. Gray to establish the ownership of a benefit certificate. Judgment for plaintiffs.

George A. Davis, for plaintiffs.

William W. Hammond and Leroy Andrus, for defendant.

KENEFICK, J. This controversy is about the ownership of $3,000, the proceeds of a benefit certificate issued by the Supreme Council of the Royal Arcanum, a fraternal assessment insurance corporation, upon the life of Peter Southwell. The insured was twice married. The plaintiffs are his children by the first marriage. The defendant is the administrator of the estate of Flora Ada Southwell, his second wife, who died intestate, leaving as her surviving next of kin a mother and two brothers. The action was originally instituted against the corporation, but, as it admitted its liability on the policy, the present defendant, who claimed the right to the fund, was interpleaded in the action. The defendant claims the fund as the legal representative of the second wife, who was the beneficiary designated in the certificate. The plaintiffs contend that such designation became inoperative, as the beneficiary did not survive the insured, and that thereupon the fund passed to them by virtue of the laws of the corporation, which are hereinafter referred to.

The insured and his beneficiary were found dead in the same bed at their home in Austin, Pa., on the afternoon of January 3, 1900. Death in each case was due to natural gas poisoning. Both were alive on the preceding night. It is assumed that the inhalation ·of poisonous gases, which escaped during the night from a stove in the room, burning natural gas, effected their death. Death came to them as they slept. Upon the trial the defendant made an effort to establish that the insured died first. Evidence was given as to the physical condition in life of each of the deceased persons, the post-mortem appearance and condition of the bodies, and the position of the bodies when found with reference to the stove and the windows and walls of the room, and a hypothetical question embracing the facts so testified to was submitted to several physicians for their opinion as to who survived. The physicians called by the defendant expressed the opinion that the insured died first. An equal number of physicians called by the plaintiffs testified that it was impossible upon such data to express an opinion upon the subject of survivorship with any reasonable certainty. It would serve no useful purpose to discuss here the reasons assigned by the various medical

witnesses for their answers to this question, inasmuch as the court, after careful consideration, has reached the conclusion that it would be mere conjecture, surmise, and speculation to essay the decision of survivorship in this case upon such testimony. This controversy must be determined, therefore, upon the assumption that there is no proof to decide which of these individuals predeceased the other. Under such circumstances the civil law indulges in presumptions based on age and sex to aid in determining the survivorship of persons perishing in a common disaster. The common law, however, recognizes no presumptions on the subject. In the absence of evidence, the fact is assumed to be unascertainable, and a rule of distribution has been adopted whereby property rights are disposed of as if death occurred simultaneously. Newell v. Nichols, 75 N. Y. 78, 31 Am. Rep. 424.

It is conceded that as to wills this rule lapses a legacy in the event of the death of the testator and legatee in a common disaster, for the reason that there is no period of time intervening between the death of the testator and the death of the legatee in which the legacy can vest. It is urged, however, that this rule has not the effect of diverting the benefit fund from the next of kin of the beneficiary under such a life insurance policy as we have here. This claim calls for an examination of the contract entered into between the corporation and the insured. The contract in this form of insurance is found in the statute under which the corporation was organized, its by-laws, together with the application for and the certificate of membership, and these instruments construed together measure the rights of litigants for the proceeds of the benefit certificate. Sabin v. Phinney, 134 N. Y. 428, 31 N. E. 1087, 30 Am. St. Rep. 681. Let us proceed to an analysis of this contract. The corporation was organized under the laws of Massachusetts, but the statute under which it was called into existence is not before the court. The insured was a member of one of its subordinate councils located in the city of Buffalo, this state. It is conceded that the corporation was lawfully doing business in this state. It was, therefore, subject to the provisions of our laws governing similar corporations. Ins. Law (Laws 1892, c. 690) § 233. The primary purposes of the corporation, as set forth in its certificate of incorporation, are "to establish a fund for the relief of sick and distressed members and one for a widows' and orphans' benefit fund." Among the aims and purposes of the corporation, as stated in its constitution, is the establishment of a "widows' and orphans' benefit fund, from which, on satisfactory evidence of the death of a member of the order who has complied with all its lawful requirements, a sum not exceeding three thousand dollars shall be paid to the wife, children, relatives of or persons dependent upon such member, as limited and described in the laws of said order relating to benefit certificates, as he may direct in accordance with said laws." The laws of the order (section 324) limit the insured in his designation of a beneficiary to the following relatives or dependents of the insured, viz.: Class first, grade: (1) Wife; (2) children, children by legal adoption, and children

of deceased children; (3) grandchildren; (4) parents and parents by legal adoption; (5) brothers and sisters of the whole blood; (6) nieces and nephews; (9) cousins in the first degree; (10) aunts; (11) uncles; (12) next of kin who would be distributees of his personal estate upon·his death intestate. And, class second, any affianced wife of the insured, or any person who is dependent upon him for maintenance. The laws of the order, as well as our statute, permit the member to change his beneficiary at any time without the consent of the prior designated beneficiary. Ins. Law, § 238. By the terms of the benefit certificate issued to the insured the corporation bound itself to pay the beneficiary out of the widows' and orphans' benefit fund "in accordance with and under the provisions of the laws governing said fund upon satisfactory evidence of the death of said member." The laws of the corporation make the following provisions in the event of the designation of the beneficiary becoming inoperative, to wit:

Section 330:

"If any designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, sec. No. 324, if living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking in equal shares per capita to the exclusion of all persons living of subsequently enumerated grades. * * * If no one of said class first shall be living at the death of the member the benefit shall revert to the widows and orphans benefit fund."

Section 332 provides:

"In the event of the death of all the beneficiaries designated by the member in accordance with the laws of the order before the decease of such member, if he shall have made no other or further disposition thereof as provided in the laws of the order, the benefit shall be disposed of as provided in section 330, excepting that if in such event the member shall leave him surviving his wife and a minor child or children of a marriage prior to that with such wife, the benefit shall be payable as follows: One-third thereof to such wife and two-thirds thereof to all the minor children of such member equally."

What are the respective rights of the insured and the beneficiary under this contract? Judge Finch, writing for the court, in Smith v. Benefit Society, 123 N. Y. 88, 25 N. E. 197, 9 L. R. A. 616, referring to the provision of our insurance law permitting the insured to change his beneficiary at will, thus defines these rights:

"That section attaches the beneficial interest to the membership, and permits the member to change the payee or beneficiary of the insurance without the latter's consent. Where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect."

If the designated beneficiary predeceases the insured, the death benefit does not pass to the representatives of the beneficiary. Hellenberg v. District No. 1, 94 N. Y. 580; Simon v. O'Brien, 87 Hun, 160, 33 N. Y. Supp. 815. If the laws governing the corporation make provision for the payment to other persons upon such a contingency, such laws control. Simon v. O'Brien, supra. In the absence of such provision, no liability exists on the part of the cor-

poration. Hellenberg Case, supra. The principle to be deduced from these cases is that the interest of the beneficiary is a mere expectancy, subject to be defeated either by a change of designation by the insured or by the failure of the beneficiary to survive the insured. As the rule of distribution laid down in Newell v. Nichols, supra, is, in effect, a presumption against the survivorship of either, the expectancy of the beneficiary never ripened into a vested right which could be transmitted to her legal representative. It is asserted, however, that under the language of section 332 of the laws of the corporation, above quoted, the event which renders the designation inoperative is the death of the beneficiary "before the decease" of the insured. In view of the nature of the contract and the interests acquired thereunder, as established in the cases above cited, this language must be construed to mean that the designation fails if the beneficiary does not survive the insured. Fuller v. Linzee, 135 Mass. 468. Under the certificate of incorporation of the society, as well as under its constitution and laws referred to above, this fund was intended for the widow, children, relatives, or dependents of the insured. It was not in the power of the insured to designate as beneficiaries the persons represented by the defendant. Yet the practical effect of sustaining the defendant's claim would be to divert the fund from the insured's children, and pass it directly to the relatives of the beneficiary. Our state furnishes no reported case where the precise question here involved has been adjudicated. The authorities in other jurisdictions are in conflict. The right of the legal representatives of the beneficiary to the fund is affirmed in Maryland (Cowman v. Rogers, 73 Md. 403, 21 Atl. 64, 10 L. R. A. 550) and in Missouri (Supreme Council v. Kacer [not yet officially reported] 89 Mo. App. ——), and is denied in Texas (Paden v. Briscoe, 81 Tex. 563, 17 S. W. 42), and in a recent case in Illinois (Balder v. Middeke, 92 Ill. App. 227). The reasoning in the last two cases accords with the views here expressed, and the result attained thereby is in harmony with the spirit and purposes of the contract. It follows, therefore, that, as the beneficiary did not survive the insured, the proceeds of the benefit certificate passed, under the laws of the corporation, to the plaintiffs.

The funeral expenses of the insured and his wife, which were paid by the defendant, are not legally chargeable against this fund (Insurance Law, § 238), however great may be the moral obligation resting upon the plaintiffs to reimburse the defendant.

Judgment is directed for the plaintiffs accordingly, but without costs.

Judgment for plaintiffs, without costs.