Matter of the Judicial Settlement of the Account of
Proceedings of ERNEST E. L. HAMMER, Public Ad-
ministrator of the County of Bronx, as Adminis-
trator of the Estate of ALBERT R. SMITH, Deceased.

(Surrogate's Court, Bronx County, October, 1917.)

Survivorship — accounting — executors and administrators — evidence —
decedents' estates — insurance (life).

A decedent, his wife and daughter perished in a common
disaster and there was no evidence to show which of them
was the last survivor.   At the time of his death the decedent
carried two policies of insurance upon his life.   One of the
administrators of the wife's estate claimed that her repre-

sentatives were entitled to the proceeds of the two policies in question and to the entire net distributive amount of the decedent's estate as her distributive share, but the accounting administrator rejected the claim. In determining the validity of the same, and the question whether the daughter survived the decedent and her mother or either of them: *Held,* that under the common law one claiming through survivorship must prove such survivorship; that there is no presumption of survivorship in a case where persons perish in a common disaster, and that in the absence of evidence the fact of survivorship is assumed to be unascertainable and property rights are disposed of as if death occurred at the same time.

That under the policies in question the interest of the wife was contingent and a mere expectancy which did not vest until the death of the insured; that survivorship was a condition precedent to the vesting, and that the onus of proving such survivorship was upon the claimant.

That as there was no evidence to prove such survivorship the death benefit must be disposed of as though both husband and wife had died at the same instant and that it must be distributed as though she had died before her husband, in which event it vested in him and was payable to his personal representative.

That there being no evidence on the subject, and the law indulging in no presumption, no determination can be made as to whether the daughter survived either or both of her parents.

That the other property for which the administrator accounts must be likewise distributed, as though the decedent, his wife and his child had died at the same time.

Proceedings upon the judicial settlement of the accounts of an administrator.

Ernest E. L. Hammer, public administrator, petitioner, in person.

Charles Fox, administrator, estate of Gladys E. Smith, respondent in person.

Schulz, S. The decedent, his wife, Gladys E. Smith, and his daughter, Dorothy Smith, the latter an infant

Misc.] Surrogate's Court, Bronx County, October, 1917.

under the age of fourteen years, were passengers upon the ill-fated steamship *Lusitania* and perished when the same was sunk on May 7, 1915. No evidence is at hand to show which of the three persons named was the last survivor.

At the time of his death the decedent carried, among others, two policies of insurance upon his life. In each of these policies the insurance company promised " to pay * * * to Albert R. Smith * * * herein called the Insured, on the fifth day of April, 1923, if the Insured be then living, or upon receipt at said Home Office of due proof of the prior death of the Insured, to his wife, Gladys E. Smith the beneficiary, with the right to the Insured to change the beneficiary * * * upon the surrender of this policy properly receipted.

" Death of Beneficiary before Insured: Change of Beneficiary.— If any beneficiary die before the Insured, the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein.

" When the interest of a beneficiary shall have vested in the Insured, or when the right to change the beneficiary has been reserved, the Insured * * * may * * * designate a new beneficiary, by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable endorsement hereon." The account shows that the insurance company paid the amount of the two policies in question to the administrator of the decedent's estate and to the administrators of Gladys E. Smith, jointly.

One of the latter filed a claim with the accounting administrator claiming that the estate of Gladys E. Smith is entitled to the proceeds of the two policies in question and is also entitled to receive the " entire net distributive amount of the estate " of the decedent as her distributive share. The accounting admin-

23

istrator rejected this claim. I am now asked to determine the validity of the said claims, and to further determine the question whether Dorothy Smith, the daughter, survived the said Albert R. Smith and Gladys E. Smith or either of them.

Under the common law one claiming through a survivorship must prove the survivorship. There is no presumption of survivorship in a case where a number of persons perish in a common disaster as in this case. In the absence of evidence, the fact of such survivorship is assumed to be unascertainable and property rights are disposed of as if death occurred at the same time. Counsel agree that such is the law and abundant authority for it is at hand. *Newell* v. *Nichols,* 75 N. Y. 78; *St. John* v. *Andrews Institute,* 191 id. 254; *Matter of McInnes,* 119 App. Div. 440; *Middeke* v. *Balder,* 59 L. R. A. 653, 198 Ill. 590. Each contends, however, that the law as thus enunciated, when applied to the facts of the present case, throws the onus of proving survivorship upon the other. The accounting administrator urges that before the estate of the wife can recover her representatives must prove that she survived her husband; that having conceded that it is impossible to establish that fact by evidence the property rights of the decedent must be disposed of as if his death and her death had occurred at the same time or as if her death had occurred before his and hence must be paid to the personal representatives of his estate. The contention of the representative of the wife's estate is the converse.

To ascertain who is entitled to the proceeds of the policies of insurance, we must have recourse to the language of these documents. From the quotation above it will be observed that the insured was entitled to the payment thereunder, if he lived to a certain date, that he had a right at any time prior to that date

or prior to his death to change the beneficiary, and that if the beneficiary died before the insured her interest vested in him. Under such conditions, the interest of the wife was a contingent interest, a mere expectancy which might be defeated in any one of three ways, (a) by the insured living to the date mentioned; (b) by his changing the beneficiary before his death, or (c) by her decease prior to that of the insured. *Smith* v. *National Benefit Society,* 123 N. Y. 85; *Southwell* v. *Gray,* 35 Misc. Rep. 740. The wife's interest did not vest until the death of the insured because up to that very moment he could have changed the beneficiary. If it did not vest until the death of the insured, it seems to me to follow that before it could have vested at all the widow would have had to survive the insured. This being so, her survivorship was a condition precedent to the vesting (*Bradshaw* v. *Mutual Life Ins. Co.,* 187 N. Y. 347), and the onus of proving such survivorship is, therefore, upon the claimant. *Dunn* v. *New Amsterdam Casualty Co.,* 141 App. Div. 478.

As there is no evidence to prove such survivorship and as under the facts as stated there can be none, the death benefit must be disposed of as though both husband and wife had died at the same instant, in which event there was no interval between the death of the husband and the wife during which the death benefit could have vested in the wife. It has been held that dying at the same time is the same as dying before. See cases cited in *dictum* in *St. John* v. *Andrews Inst., supra,* approved of in *Dunn* v. *New Amsterdam Casualty Co., supra.* It follows that the insurance must be distributed as though she had died before her husband in which event it vested in him and is, therefore, payable to his personal representative.

There being no evidence on the subject and the law

Supreme Court, October, 1917.      [Vol. 101.

indulging in no presumption, no determination can be made as to whether Dorothy Smith survived either or both of her parents.

Under the law as above set forth it also follows that the other property for which the administrator accounts must be distributed as though the decedent, his wife and his child had died at the same time.

The claims of the personal representative of Gladys E. Smith to the proceeds of the policies in question and to the personal property of the deceased cannot be sustained and are disallowed.

Decreed accordingly.