JACK ROTHSTONE and Another, as Administrators, etc., of ARNOLD ROTHSTEIN, Deceased, Respondents, v. INEZ NORTON, Appellant.

First Department, December 5, 1930.

*Jay Leo Rothschild,* for the appellant.

*Bernard Hershkopf* [*I. Gainsburg* with him on the brief], for the respondents.

McAvoy, J.   The temporary administrators of Arnold Rothstein, deceased, brought suit against the Farmers and Traders Life Insurance Company upon its life insurance policy in the sum of $20,000, issued on his life and payable to his estate in the event of death. The insurance company had originally refused to pay upon demand of the temporary administrators and the filing of proof of death.

The insurance company thereafter appeared in the action and moved for an order of interpleader substituting the defendant, appellant, herein, Inez Norton, as defendant in its stead.   The insurance company showed that she claimed that she was entitled to the proceeds of the insurance policy in question under an alleged change of beneficiary made in her favor by the deceased in his lifetime.   Thereafter an order was duly made impleading her as defendant in the action, and substituting her for the insurance company.

Appellant interposed an answer containing denials and a counterclaim to the effect that " On information and belief, the said Arnold Rothstein, in his lifetime, executed a document, changing the beneficiary in said policy above described, from the estate to the defendant herein, or assigning the whole or any part of said sum of $20,000 to be paid on the said policy to this defendant."

The plaintiffs' reply traversed those allegations, and thus were raised the issues which were tried.

It was conceded at the trial that there never had been a compliance with the terms of the contract of insurance to the effect that the reserved power to change the beneficiary could be exercised

only " by filing written notice thereof at the Home Office of the Company, accompanied by the policy for suitable endorsement thereon; " that " such change shall take effect upon the endorsement of the same on the policy by the company," and that " no change, designation or declaration shall take effect until endorsed on this policy by the Company at the Home Office."

The learned trial justice found all the facts as the defendant, Miss Norton, contended, and thus found that the policy was given to her by said deceased Rothstein. The court ruled, however, as a matter of law that such gift was legally impossible because of the provision in the policy that no assignment could be made binding upon the company except by filing the instrument accomplishing the same at the home office of the insurance company, which had not been done.

This appeal presents only a question of law, which is as follows: Assuming, as was found by the learned trial court, that the deceased gave the policy, which was payable to his estate, to defendant with the intention that it should constitute a gift, and that upon his death the insurance company deposited the proceeds of the policy in court, is the provision of the policy that " no assignment of this policy shall be binding upon the company unless it be filed with the company at its Home Office," available to the administrators of the deceased, as against the said assignee, in an action of interpleader with respect to the proceeds so deposited in court? We think the answer should be " No."

Since the policy involved was payable to the insured's estate, and contained no designation of a third person beneficiary, it was subject to assignment by the insured, in his lifetime, of his entire interest, which represented the proceeds of the policy accruing on his death. On such assignment nothing could fall into the administrators' hands.

The provision in the policy requiring an assignment to be filed with the insurance company in order that it be binding on such company, is, in the absence of any third person beneficiary or prior registered assignee, for the protection of the insurance company only. The insurance company not defending and the action having through its motion become one of interpleader, with the fund now in court, the rights of the company under the policy are waived and the sole issue is as to who owned the fund in court. The fact of assignment by the insured of his interest has been determined in favor of the defendant, Miss Norton, at the trial. The learned trial justice having found such fact, the defendant owned the fund as matter of law and the court should have granted her judgment for its payment.

The judgment appealed from should be reversed on the law, with costs, and since all the facts have been found for the defendant, judgment should be directed for her, with costs.

DOWLING, P. J., MERRELL, FINCH, and SHERMAN, JJ., concur.

Judgment reversed, with costs, and judgment directed for defendant, with costs. Settle order on notice.