MARGARET L. DONAHUE, as Committee of the Property of PETER DONAHUE, Incompetent, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.*

First Department, January 15, 1932.

*Raeburn W. Jenkins* of counsel [*Louis H. Cooke*, attorney], for the appellant.

*Monroe J. Cahn*, for the respondent.

McAvoy, J. The action was brought by the plaintiff as committee of the property of Peter Donahue, incompetent, to recover certain disability payments and dividends accruing to the incom-

* Modfd., 259 N. Y. 98.

petent under policies of life insurance issued upon his life by the defendant.

Plaintiff seeks to recover a disability payment of $1,300, payable May 11, 1930, and dividends of $70.46 accruing on the same date upon a policy of life insurance of the face amount of $13,000.

There are no material denials of any allegations of the complaint and the complaint is sufficient for recovery unless the plea in defense of the answer is a bar.

That defense is based upon the plea of *res adjudicata* alleged to result from a judgment in favor of this defendant and one Helen R. Maloney in a prior action brought by this plaintiff against the same parties concerning the same insurance policy. The contention is that the judgment in that action conclusively determined that Helen R. Maloney and not this plaintiff was entitled to the disability payments and dividends which the committee seeks now to recover.

Plaintiff contends that the complaint in the former action discloses that plaintiff sought merely to change the beneficiary under the policy from Miss Maloney to the estate of the incompetent, upon the ground, *first*, that as matter of law as a committee she succeeded to the incompetent's reserved right under the policy, to change the beneficiary without the consent of the existing beneficiary; and on a *second* ground that Miss Maloney had been designated as beneficiary only to secure her in the payment of a debt of the incompetent which had been paid. These it is urged were the only issues litigated in that action and it is asserted that those issues had nothing whatever to do with the separate rights of the insured under the policy to disability payments and dividends.

Upon the first cause of action in the former action, the court held as a matter of law that the committee was without power to exercise the privilege reserved in the insured to change the beneficiary.

Upon the second cause of action therein the court found as a fact that Miss Maloney was not designated as a beneficiary as security.

To be entitled to the disability income payment of $1,300, which became due May 11, 1930, and to the dividend credited the same day, Peter J. Donahue must have been the owner of the policy.

In the prior action it was found that Helen R. Maloney is the lawful owner and holder of the policy and entitled to all the rights and benefits of the policy.

Under the *res adjudicata* rule, the judgment in the prior action based on such finding seems to have been necessary to a determination of the issue therein and is thus conclusive.

Under the terms of the policy there became due and payable on May 11, 1930, a disability income payment of $1,300, being the first disability payment accruing thereunder, no part of which was paid, although demanded by plaintiff.

On May 11, 1930, defendant apportioned to said policy the sum of $70.46 as the proportion of the divisible surplus of the defendant for the year 1930, applicable to said policy and payable in accordance with the provisions of said policy, no part whereof was paid, although demanded by plaintiff.

Prior to February 19, 1930, the plaintiff in this action brought an action in the Supreme Court, New York county, naming Helen R. Maloney and this defendant as defendants. (See *Donahue* v. *Maloney*, 232 App. Div. 731.) On February 19, 1930, after the trial of the issues in that action, a decision and judgment were duly entered in the clerk's office finding that " the change in the name of the beneficiary in said life insurance policy to the defendant Helen R. Maloney, and the subsequent delivery to her of said policy by the said Peter J. Donahue, was done for the purpose of effectuating the giving, assigning and transferring of all his right, title and interest in and to the said policy of life insurance and all the benefits thereunder to the defendant Helen R. Maloney.

" That at all times since the delivery, assignment and transfer of said policy of life insurance by the said Peter J. Donahue, as aforesaid, the defendant Helen R. Maloney has been and still is in the sole and exclusive possession of same, and at all of said times has been and still is the true and lawful owner and holder of said policy of life insurance and as such she was and still is entitled to all the rights, privileges, benefits and emoluments arising and flowing from said policy of insurance."

The court having determined that title was in Helen R. Maloney and not in the insured, that finding necessarily entered into the judgment and is *res adjudicata* in this action and New York Life Insurance Company having been a party to the prior action is entitled to plead the judgment as a defense in this action.

Possession of the policy is also necessary as a condition to payment of any disability benefit. The policy provides: " The policy must be returned to the company for indorsement thereon of each income payment."

Irrespective of the provision of the policy for a written assignment to be filed with the company there may be a valid transfer of title as between the parties by a delivery of the policy and such delivery carries with it all of the rights of the insured. (*Rothstone* v. *Norton*, 231 App. Div. 59; affd., 256 N. Y. 601.)

The gift found by the court in the former action carried with it the insured's right under the insurance contract to disability income. When the insured became disabled after he had given Miss Maloney the policy, no new agreement was made. Such disability income payments as the company became obligated to pay by its contract were the property of Miss Maloney by virtue of the gift of the policy to her. Neither the insured nor his committee had any right thereto nor to the dividends.

The judgment should be reversed, with costs, and judgment on the merits directed for the defendant, with costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed, with costs, and judgment on the merits directed for the defendant, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.