In the Matter of the Estate of JOHN BURZA, Deceased.

Surrogate's Court, New York County, February 16, 1934.

*Casimir Tokarski,* for the claimants.

*Joseph A. Cox,* for the public administrator and the petitioner.

*Blum & Jolles [Joseph G. Blum* of counsel], for the Consul General of Poland, for the next of kin.

*Quinto J. Porcella,* for the objectant.

FOLEY, S.   In this accounting proceeding a dispute arises as to whether the wife of the decedent survived him.   Both died in their home on December 29, 1931, from illuminating gas asphyxiation. The administratrix of the wife's estate contends that she survived. The next of kin of the husband assert that there is no proof to sustain that contention.   The law applicable to the case of the death of two or more persons in a common disaster may be summarized as follows:

(1) There is no presumption either of a survivorship or of simultaneous death.   (*McGowin* v. *Menken,* 223 N. Y. 509, 511.)

(2) There is no presumption of a survivorship from difference in age, sex or even relative strength. (*Matter of Englebirt*, 184 App. Div. 314.)

(3) Proof of the facts and circumstances concerning the survival of the one or of the other must be adduced. In the absence of proof of facts and circumstances, the testimony of experts is sheer speculation and must be disregarded. (*Matter of Englebirt, supra; St. John v. Andrews Institute*, 117 App. Div. 698; affd., 191 N. Y. 254.)

(4) The party asserting survivorship has the burden of proving it. (*Newell v. Nichols*, 75 N. Y. 78.)

A comprehensive review of the history and rules of law applicable to death occurring from a common disaster may be found in the opinion of Mr. Surrogate WINGATE in *Matter of Hayward* (143 Misc. 401; affd., 237 App. Div. 823). To the historical review in that case should be added the fact that England has changed her previous rule. In section 184 of the Law of Property Act of 1925 the statutory rule was adopted that the younger person is deemed to have survived the elder.

In the present case the principal evidence in support of survivorship of the wife is given by the ambulance surgeon called from a city hospital to the home of the decedent. His testimony was that he found the wife alive upon his arrival and that the husband was dead. He claimed to have heard faint sounds from the heart of the wife and directed the policeman present to administer artificial respiration. The doctor testified that the heart of the wife continued to beat for five minutes after his first examination. He stated that, in his opinion, the wife had survived her husband by at least five minutes. As the trier of the facts, I am compelled to reject this testimony. It is gravely impeached by his own record of the deaths made on his return to the hospital, at a time when there was no reason to misrepresent the actual facts. His official report was, " dead on arrival," meaning arrival of the ambulance at the home of the decedent. His attempted explanation of the inaccuracy of the record made by him on the date of the deaths is unconvincing and unsatisfactory.

The testimony of the ambulance surgeon is likewise contradicted by the two policemen who attended at the scene of the deaths. The police report was, " dead on arrival " of the ambulance. One of the policemen testified that he was at the place of death for some minutes prior to the arrival of the ambulance. During this period he applied artificial respiration to the wife, but saw no signs of life in either the husband or wife up to the time that he left the premises. After the administration of artificial respiration to the

body of the wife, there were no signs of life. There was no indication of breathing or of heart action in the woman or man. The second policeman took the place of the first policeman as the latter departed. He was the one who, the surgeon testified, had been ordered by him to administer artificial respiration. He testified that he did not do so. He saw no signs of life in either the husband or wife.

The administratrix of the wife's estate lays much stress upon the testimony of a medical expert in gas poisoning cases. It is undisputed that the husband had suffered, a few days before his death, a stroke which paralyzed one side of his body. It is claimed that in this impaired physical condition he would succumb to the gas in a briefer time than his wife who was in normal health. In the absence of factual proof of survivorship, however, and under the rules stated above, the testimony of the medical expert becomes mere speculation which is precluded under the law. (*Matter of Englebirt, supra.*) The statement of the court in *Newell* v. *Nichols* (75 N. Y. 78, at p. 89) is pertinent. It is there stated: " If there are other circumstances shown, tending to prove survivorship, courts will then look at the whole case for the purpose of determining the question, but if only the fact of death by a common disaster appears they will not undertake to solve it on account of the nature of the question, and its inherent uncertainty. It is not impossible for two persons to die at the same time, and when exposed to the same peril under like circumstances, it is not as a question of probability very unlikely to happen. At most the difference can only be a few brief seconds. The scene passes at once beyond the vision of human penetration, and it is as unbecoming as it is idle for judicial tribunals to speculate or guess whether during the momentary life struggle one or the other may not have ceased to gasp first, especially when the transmission of title to property depends upon it, and hence in the absence of other evidence the fact is assumed to be unascertainable, and property rights are disposed of as if death occurred at the same time. This is done not because the fact is proved, or that there is any presumption to that effect, but because there is no evidence, and no presumption to the contrary."

It is also claimed that there is some evidence that the body of the wife was warm and that of the husband cold. These facts alone are insufficient, in the absence of other proof, to establish survivorship. In the *Englebirt Case* (*supra*) there was similar testimony, but no actual survivorship of the person whose body was warm was found.

It is impossible to determine priority of death here, and the estate of the husband, therefore, passed by operation of law to his next of kin. The estate of the wife is not entitled to participate in her husband's estate upon any theory that she survived him.

The claim of the administratrix of the wife's estate in the sum of $1,900 for funds owned by her and retained in the custody of the deceased husband is allowed. The testimony sufficiently supports the conclusion that the title to these moneys remained in the wife.

Submit decree on notice settling the account accordingly.