## In the Matter of the Estate of JOHN BURZA, Deceased.

Surrogate's Court, New York County, March 30, 1935.

*Joseph A. Cox*, for the public administrator of the county of New York, as administrator, etc., of John Burza, deceased.

*Alex Nechamkin* [*Simon H. Braunstone* of counsel], for Sophie Melnick, as administratrix, etc., of Sophie Burza.

*Blum & Jolles* [*Joseph G. Blum* of counsel], for Stefan Ferens, as ancillary administrator, etc., of John Burza, also known as Jan Burza.

*Tanner, Sillcocks & Friend,* for the Metropolitan Life Insurance Company.

DELEHANTY, S. The parties before the court are the public administrator of the county of New York, as administrator of the estate of John Burza, deceased (referred to as the husband), Sophie Melnick, as administratrix of the estate of Sophie Burza, deceased (referred to as the wife), and Stefan Ferens, as ancillary administrator of the estate of John Burza, also known as Jan Burza (referred to as the father), who is the father of the John Burza referred to herein as the husband.

The husband at the time of his death was an employee of National Biscuit Company and there was outstanding on his life a group insurance policy obtained through that company, under the terms of which he was permitted to name the beneficiary of the proceeds in the event of his death. He had designated his wife as the specific beneficiary of the proceeds of the policy. The terms of the policy, so far as applicable to the determination here, are as follows:

" 12. Change of Beneficiary. Any Employee, while insured hereunder, may, from time to time, change the beneficiary by filing written notice thereof at the Home Office of the Company, accompanied by the Certificate indicating the insurance hereunder on such Employee. Such change shall take effect upon endorsement thereof by the Company on such Certificate and not before. In case of the death of any individual named as beneficiary, the interest of such beneficiary shall vest in the Employee by whom he was designated. If such Employee shall not have designated another beneficiary prior to the time when any insurance shall be payable on his account, then the proceeds shall be paid as follows:

" To the wife or husband, if living of such Employee; if not living, to the children of such Employee who survive such Employee, equally; if none survive, to the father and mother of such Employee equally, or to the survivor; if neither survive such Employee, to the estate of such Employee."

The husband and wife died in what is ordinarily termed a common disaster. They both died in their home on December 29, 1931, from illuminating gas asphyxiation. Thereafter, the public administrator of the county of New York, who had been appointed administrator of the husband's estate, made application for the judicial settlement of his account. The administratrix of the wife's estate filed objections to the account, claiming that the wife had survived

the husband and that the former's estate was, therefore, entitled to a distributive share in the husband's estate. The parties to that proceeding are identical with those in the present action, except that the father of the husband, who was then living, represented his own interest. That issue of survivorship was tried before Mr. Surrogate FOLEY, who held that on the evidence submitted it was impossible to determine the priority of death as between husband and wife and that the estate of the husband passed by operation of law to his next of kin, his father (151 Misc. 577).

The administratrix of the wife's estate then commenced this action in the City Court of New York county against the Metropolitan Life Insurance Company to recover the proceeds of. the policy of group insurance on the theory that under the terms of the policy the wife's estate was entitled to the proceeds unless it could be shown by the defendant insurance company that the husband survived the wife. The respective administrators of the estates of the husband and father were interpleaded as defendants and Metropolitan Life Insurance Company was stricken out as a defendant. Its status now is that of a stakeholder. The order striking out the insurance company as defendant authorized and directed it to pay as ordered by the court. Thereafter, the action was transferred to this court under the provisions of section 40 of the Surrogate's Court Act, as amended by chapter 352 of the Laws of 1934.

The exercise of the power in this court under the amendment of section 40 of the Surrogate's Court Act, to direct the transfer of the action here involved from the City Court of New York county to this court, and to determine on the motion here made for summary judgment whether any issue requiring a trial has been raised in the action, facilitates the closing up of three estates now pending settlement. The accomplishment of that end by disposition now of the action is an excellent example of the benefits to be derived from the exercise of the jurisdiction conferred by that amendment.

The motion for judgment now under consideration was brought on by the administrator of the father's estate. A cross-motion for judgment has been made by the public administrator and similar relief is also sought by the administratrix of the wife's estate. It is urged by the administrator of the father's estate that the decision of Mr. Surrogate FOLEY in the prior proceeding has already determined that the wife did not survive the husband and is *res adjudicata* on that issue. The public administrator asserts that in the prior decision it was adjudicated that the husband and wife died at the same moment. The wife's administratrix denies that the former decision is *res adjudicata* and contends that under the

terms of the policy its proceeds are payable to the estate of the wife as beneficiary, since the burden is upon the father's representatives to show that the beneficiary predeceased the insured. The wife's administratrix concedes that her death and that of the insured occurred in a common disaster. Her counsel predicates his argument on lack of any proof of survivorship.

The prior decision and decree would present most difficult problems, if their effect required consideration. (*Gugel* v. *Hiscox*, 216 N. Y. 145; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., Inc.*, 250 id. 304; *Donahue* v. *New York Life Ins. Co.*, 259 id. 98; *Wille* v. *Maier*, 256 id. 465; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Davis* v. *Brown*, Id. 423; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Reynolds* v. *Ætna Life Ins. Co.*, 160 id. 635.)

In the opinion of the court, however, the undisputed fact of death under circumstances making impossible exact ascertainment of the order of survivorship brings into operation principles which make unnecessary determination of the precise effect of such prior decision. Peculiarly applicable here is the language of MILLER, J., in *Dunn* v. *New Amsterdam Casualty Co.* (141 App. Div. 478). In that case the insured and the beneficiary, her sister, died in a common disaster under circumstances making it impossible to determine the priority of death. The action was brought by the administrator of the wife's estate, who claimed the proceeds. The insurance company defended on the ground that proof of death of the beneficiary prior to that of deceased was lacking. The policy provided: " The indemnity for loss of life shall be payable to the beneficiary named in the stub attached hereto, or in the event of the prior death of such beneficiary, or in the event that no beneficiary is named in the said stub as herein provided, then to the legal representatives of the assured." The court reversed a judgment in favor of the defendant, and in the course of its opinion stated that since the assured alone was interested in the disposition of the proceeds of the policy, the language was to be construed as hers and her intention was paramount; that obviously the policy was not taken out for the benefit of the personal representatives of the beneficiary named, since they were not in the minds of either the assured or the insurer; that the face of the policy intended the benefit to go first to the assured's sister and second to the assured's next of kin; and that the purpose of the assured was manifest to have the indemnity paid to the sister, *if living*, and *only* if living. A much stronger case was there made by the defendant on the face of the policy than is made here by the representative of the wife's estate. It is to be noted that the policy there provided that " in the event of the prior death of such beneficiary," the proceeds were

to be paid to the insured's next of kin. Notwithstanding that provision of the policy, the court found that the intention of the insured was that the beneficiary should receive the proceeds only if living. The decision was approved and followed by the Appellate Division, Second Department, in *Matter of Valverde* (242 App. Div. 653).

A policy construed in *Matter of Hammer* (101 Misc. 351) contained language very similar to that of the policy in the *Dunn Case* (*supra*). The husband and wife died in a common disaster. The policy stated: " If any beneficiary die before the Insured, the interest of such beneficiary shall vest in the Insured." The action was brought by the administrator of the wife's estate. The court denied the right of the wife's estate to participate in the proceeds of the policy on the theory that the interest of the wife, who was named as beneficiary, did not vest until the death of the insured. Surrogate SCHULZ there said (at p. 355): " As there is no evidence to prove such survivorship and as under the facts as stated there can be none, the death benefit must be disposed of as though both husband and wife had died at the same instant, in which event there was no interval between the death of the husband and the wife during which the death benefit could have vested in the wife." The decision in that case was also approved and followed in *Matter of Valverde* (*supra*).

Other cases dealing with the interpretation of similar contracts reach the same result. (*Fuller* v. *Linzee*, 135 Mass. 468; *Southwell* v. *Gray*, 35 Misc. 740.)

It is recognized in dispositions of property by will that if the legatee and testator both die in a common disaster the legacy lapses as though the beneficiary had predeceased the testator. Unless the contract terms compel a different result, there is no reason for the application of a different rule in the construction of an insurance contract. In the one case the intention of the testator governs and in the other the intention of the assured. (*Dunn* v. *New Amsterdam Casualty Co.*, *supra*; *St. John* v. *Andrews Institute*, 191 N. Y. 254, 276; *Smith* v. *National Benefit Society*, 123 id. 85, 88.)

Application to the facts here of the principles established in the authorities referred to requires dismissal of the claim of the administratrix of the wife's estate to the proceeds of the policy.

With that claim disposed of, it is necessary to consider the disposition of the proceeds as between the public administrator, representing the estate of the husband, and the ancillary administrator of the father's estate. The public administrator relies on the provision of the policy reciting that " in the case of death of any individual named as beneficiary, the interest of such beneficiary

shall vest in the employee by whom he was designated." At most, the beneficiary had a contingent interest which lapsed on her death and the death of the insured in the common disaster. (*Dunn v. New Amsterdam Casualty Co., supra; Matter of Hammer, supra.*) The beneficiary never had any property right in the proceeds, and if her inchoate interests as presumptive beneficiary can be said to have vested in the assured there could not be acquired by the transfer any greater property right in the proceeds than the beneficiary herself had. The plain intendment of the applicable terms of the policy is that if the named beneficiary did not take, the proceeds were payable to the next of kin of the assured, who in this case was the father.

The complaint of the administratrix of the wife's estate is, therefore, dismissed on the merits, the answer of the public administrator, as representative of the husband's estate, is stricken out and the motion of the ancillary administrator of the father's estate for judgment is granted.

Submit, on notice, judgment and decree directing payment by Metropolitan Life Insurance Company of the fund in its hands to Stefan Ferens, as ancillary administrator of the estate of John Burza, also known as Jan Burza.