HELENE T. DEYO, Plaintiff, *v.* ANNA GROSFELD, as Executrix, etc., of MARTHA WEICKERS, Deceased, and as Executrix, etc., of CLARA A. WEICKERS, Deceased, and RICHARD WEICKERS, Defendants.*

Municipal Court of New York, Borough of Bronx, First District, October 7, 1936.

* Affd. 163 Misc. 30.

*Alfred F. Intemann* [*Sidney Sugarman* of counsel], for the plaintiff.

*Harry May*, for the defendant Anna Grosfeld, as executrix, etc.

*Sol H. Cohn* [*Manuel Weiss* of counsel], for the defendant Richard Weickers.

DELAGI, J. This is a contest for the proceeds of a policy of life insurance now on deposit with the clerk of this court. On January 11, 1927, Martha Weickers took out a policy of life insurance in the sum of $1,000 on her life, naming as beneficiaries therein, *first*, her mother, Marie Weickers, and, *second*, her sister, Clara Weickers. In January, 1936, the first-named beneficiary died.

On February 7, 1936, the insured Martha Weickers executed a change of beneficiary naming her sister, Clara Weickers, as the primary beneficiary and the plaintiff herein as contingent beneficiary. The policy itself was simultaneously delivered to the branch office of the insurance company for indorsement of the change of beneficiary. Said change was never actually indorsed by the company on the policy. On February 13, 1936, the company wrote to its branch office requesting that a different form of designation of beneficiary be used. Such form was never filled out by the insured because on February 14, 1936, both the insured and the primary beneficiary were found dead in their apartment. The medical examiner's report shows that death was the result of a suicide pact, the same being caused by illuminating gas asphyxiation.

The contingent beneficiary, this plaintiff, commenced suit against the Metropolitan Life Insurance Company for the proceeds of the policy after filing the usual proofs of death, etc. Claim to the proceeds had been previously filed by the defendant Anna Grosfeld, as executrix of the estates of both the insured Martha Weickers and the first-named beneficiary, Clara Weickers, and by Richard Weickers, father and sole survivor of both the insured and the first-named beneficiary.

The then defendant, Metropolitan Life Insurance Company, moved that it be permitted to deposit the proceeds of the policy in court and that the said Anna Grosfeld and Richard Weickers be substituted in its stead as defendants. This motion was granted and the plaintiff now moves for summary judgment. Each defendant asks for similar relief. There is no dispute as to the foregoing facts.

The answer of Richard Weickers sets up in addition to denials five affirmative defenses and a counterclaim. The answer of Anna

Grosfeld (appearing only as executrix of Clara Weickers, the primary beneficiary) admits all allegations of the complaint, but sets up an affirmative defense thereto identical with the fifth defense of the defendant Richard Weickers.

As to the denials and the first four affirmative defenses of the defendant Richard Weickers, none presents a triable issue of fact. Consideration should be given, however, to the contention presented in these defenses that there was never a valid change of beneficiary.

The right to insist upon a strict compliance with the terms of a policy of insurance as to the mode of change of beneficiary is exclusively for the benefit of the insurer. Accordingly, the insurer may waive strict compliance. By interpleading the other claimants, it elects to waive its right to insist upon a strict compliance with the terms of the policy as to the change of beneficiary. (*Aronin* v. *Metropolitan Life Ins. Co.*, 242 App. Div. 753, case 3, affg. opinion of Mr. Justice SCHMUCK in same case appearing in N. Y. L. J. July 11, 1934, p. 94.) The plaintiff, therefore, must be held to have been properly designated by the insured as the contingent beneficiary under the policy. Any doubt as to the intention of the insured in this regard is dispelled by the letter written by her to the plaintiff between February seventh, when she made the new designation, and February fourteenth, when she died. The denials, and the first four affirmative defenses of the defendant Richard Weickers, therefore, present no triable issue of fact.

As to the fifth affirmative defense of said defendant and the defense of Anna Grosfeld, a question of law arises.

These defendants contend that it is incumbent upon the contingent beneficiary to allege and prove that the insured survived the first-named beneficiary before she can recover. The decisions indicate otherwise.

When on February seventh the insured changed the beneficiaries, she in effect said that the proceeds of the policy were to be paid to her sister, Clara Weickers, provided Clara Weickers survived the insured, and that upon the failure of the happening of said contingency the proceeds were to be paid to the contingent beneficiary, Helene T. Deyo. Keeping this intention in mind, it becomes immediately clear that it is not incumbent upon the contingent beneficiary to show that the insured survived the primary beneficiary. It does, however, become necessary for those claiming under the primary beneficiary to show that she survived the insured. This they cannot do because there is a presumption against the survivorship of either, when both died in a common catastrophe. (*Newell* v. *Nichols*, 75 N. Y. 78.)

As was said in *Southwell* v. *Gray* (35 Misc. 740, 745): "The interest of the beneficiary is a mere expectancy subject to be defeated either by a change of designation by the insured or by the failure of the beneficiary to survive the insured.   *   *   *   the expectancy of the beneficiary never ripened into a vested right which could be transmitted to her legal representative.   *   *   *   this language must be construed to mean that the designation fails if the beneficiary does not survive the insured.   It follows, therefore, that as the beneficiary did not survive the insured, the proceeds of the benefit certificate passed under the laws of the corporation to the plaintiffs."

This case correctly holds that the duty of proving survivorship is not on the contingent beneficiary, but upon those claiming under the primary beneficiary and this burden they admittedly cannot sustain. (*Dunn* v. *New Amsterdam Casualty Co.*, 141 App. Div. 478; *McGowin* v. *Menken*, 177 id. 841; *Matter of Hammer*, 101 Misc. 351; *Matter of Burza*, 155 id. 44; *Matter of Valverde*, 242 App. Div. 653; affd., 266 N. Y. 620.)

Under these decisions, the position herein taken by the plaintiff is correct in that no triable issues of fact are presented by either answer and that she is entitled to judgment on the law.

Plaintiff's motion for summary judgment granted.   Settle order on notice.