ALFRED C. MORGAN, as Administrator, etc., of KATHLEEN M. SACKETT, Deceased, Plaintiff, *v.* RUSSELL P. SACKETT, as Administrator, etc., of HERBERT I. SACKETT, Deceased, and RUSSELL P. SACKETT, as Administrator, etc., of SUSAN B. SACKETT, Deceased, Defendants.

Supreme Court, Erie County, September 5, 1939.

*H. B. Butterfield* and *Boyce H. Butterfield*, for the plaintiff.

*Walter F. Hofheins*, for the defendants.

MACGREGOR, J. The New York Life Insurance Company issued a policy of life insurance upon the life of Kathleen M. Sackett. The policy was issued in 1929. The original beneficiary was Nettie M. Irwin. Subsequently the insured married Herbert I. Sackett. The insured substituted as beneficiaries Susan B. Sackett to the extent of three-fifths and Herbert I. Sackett to the extent of two-fifths.

On or about January 2, 1939, Kathleen M. Sackett, Herbert I. Sackett and Susan B. Sackett were killed as a result of a collision between an automobile in which they were riding and a train of the Lehigh Valley Railroad Company.

Claims were made to the proceeds of the policy by the representatives of the estates of the insured and the beneficiaries. Because of the controversy the insurer moved for an order of interpleader, which was granted, and the proceeds of the policy were paid into court.

In the present action the plaintiff moves for judgment in his favor upon the pleadings. In the supplemental complaint it is alleged that the insured and the beneficiaries " were killed as a result of a collision between an automobile in which said assured and beneficiaries were riding and a Lehigh Valley Railroad train, in Erie County, New York."

It is further alleged: " That, upon information and belief, said assured, Kathleen M. Sackett, and the aforesaid beneficiaries Herbert I. Sackett and Susan B. Sackett, were found to be dead after said collision."

It is further alleged: " That said policy of insurance contained the further provision: ' In the event of the death of any beneficiary before the insured, the interest of such beneficiary shall vest in the insured, unless otherwise provided herein.' "

It is well settled that in the event of death of several persons in a common disaster there is no presumption of survivorship. In the absence of facts showing survivorship the burden rests upon one claiming survivorship to establish the fact. Under the wording of the policy of insurance, if the beneficiaries did not survive the insured no death benefits vested in them. (*Matter of Hammer*, 101 Misc. 351; *Matter of Valverde*, 148 id. 49; affd., 242 App. Div. 653; affd., 266 N. Y. 620; *Southwell* v. *Gray*, 35 Misc. 740; *Dunn* v. *New Amsterdam Cas. Co.*, 141 App. Div. 478; *Matter of Burza*, 151 Misc. 577; *Matter of Strong*, 171 id. 445; *McGowin* v. *Menken*, 223 N. Y. 509.)

The defendants as a defense and counterclaim set up in their respective answers that the beneficiaries " did not die before said insured."

The words quoted do not constitute an allegation of survivorship.

" Dying at the same time is equivalent to dying before." (*St. John* v. *Andrews Institute*, 191 N. Y. 254; *Dunn* v. *New Amsterdam Cas. Co.*, *supra*.)

In the light of the authorities I conclude that the representatives of the estates of the beneficiaries are required to plead and prove survivorship and that the allegation set up in the respective answers

is not sufficient, assuming that the allegation contained in the supplemental complaint is sufficient.

The allegation as before noted is that the insured and the beneficiaries were killed in a common disaster and that they were " found dead." (*Deyo* v. *Grosfeld*, 163 Misc. 27, affd., Id. 30.)

Upon a trial if those facts alone were shown the plaintiff would be entitled to recover. I conclude that the supplemental complaint is sufficient and that the answers do not raise an issue. Therefore, the plaintiff is entitled to judgment upon the pleadings.

Motion is granted, with ten dollars costs, with leave to the defendants to serve amended answers within twenty days after entry and service of the order.