In the Matter of the Estate of Paul M. Macklin, Deceased.

Surrogate's Court, Westchester County, October 21, 1941.

*Larkin, Rathbone & Perry* [*Albert B. Maginnes* and *Arthur W. Siegrist* of counsel], for Edward C. Bowers, as executor, etc.,

*Dudley, Stowe & Sawyer*, for Evelyn B. Macklin, individually and as administratrix of John M. Macklin, deceased.

*Raphael Link, Sr.*, special guardian.

MILLARD, S. Petitioner, as executor under the will of this decedent, asks for a construction of clause 1 of the will and for instructions and directions as to the disposition of the proceeds of a life insurance policy on the life of decedent's son, John M. Macklin. The two matters will be taken up in the order named.

The decedent Paul M. Macklin died a resident of Tuckahoe, county of Westchester and State of New York, on November 6, 1940, leaving the will in question, which was duly probated in this court, and which provided, among other things, as follows:

"CLAUSE 1.

"All my estate, of every name nature and description, and wherever located and to which I may be entitled at the time of my decease I give devise and bequeath as follows:

"One-third to my daughter Rowena, whose marriage name now is Mrs. James Mason at present residing in North Brookfield Massachusetts.

"One-third to my son John Macklin now residing at 124 Ullman St., Buffalo, New York.

" One-third to Mrs. Samuel MacClurkin now residing at 330 East 43rd St New York City whose name before her marriage was Madeline Dehmer."

The question of construction is presented by reason of the unfortunate deaths of both decedent and his son John M. Macklin in a common disaster. According to the medical examiner's report, both parties met their deaths as the result of exhaustion and drowning and, there being no witnesses to the accident, it is impossible to determine whether the decedent predeceased his son or *vice versa*. The son, John M. Macklin, died intestate, survived by his widow, Evelyn B. Macklin, and two minor children, Robert and Peter. His estate is being administered in the Surrogate's Court of Erie County, and letters of administration have been issued to Evelyn B. Macklin, his widow.

Surrogate FOLEY, in *Matter of Burza* (151 Misc. 577), summarizes the law applicable to the case of the death of two or more persons in a common disaster as follows:

" (1) There is no presumption either of a survivorship or of simultaneous death. (*McGowin* v. *Menken*, 223 N. Y. 509, 511.)

" (2) There is no presumption of a survivorship from difference in age, sex or even relative strength. (*Matter of Englebirt*, 184 App. Div. 314.)

" (3) Proof of the facts and circumstances concerning the survival of the one or of the other must be adduced. In the absence of proof of facts and circumstances, the testimony of experts is sheer speculation and must be disregarded. (*Matter of Englebirt*, *supra; St. John* v. *Andrews Institute*, 117 App. Div. 698; affd., 191 N. Y. 254.)

" (4) The party asserting survivorship has the burden of proving it. (*Newell* v. *Nichols*, 75 N. Y. 78.) "

All the cases cited in support of the foregoing principles and other cases referred to in the brief of counsel for petitioner involved the simultaneous deaths of husbands and wives. In such cases Surrogate FEELY, in *Matter of Strong* (171 Misc. 445), reached the following conclusion: " Simultaneous death of a married pair, therefore, does not prevent their respective heirs or legatees from succeeding to the property individually owned at death by their respective ancestor or testator; but merely prevents one of the couple from succeeding to the property of the other whether by statute, by will, or by the entirety or by contracts of survivorship."

Although there appears to be no reported decision involving the deaths of a father and son in a common disaster, I can conceive of no logical reason for making a distinction between the two factual situations. Adopting the rule enunciated in the foregoing

case, it would, therefore, follow that at common law the legacy to the son John M. Macklin would lapse and his share of the residuary estate would be distributed as in intestacy. (*Matter of Wells,* 113 N. Y. 396.) It is suggested, however, that the provisions of section 29 of the Decedent Estate Law are pertinent and effective to prevent such lapsing. This section reads as follows: " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

If the son had survived his father his estate would be entitled to the benefits of his legacy, and if he had died " during the lifetime of the testator," the subject-matter of the legacy would vest in his children. (*Matter of Northrip,* 168 Misc. 542.) As above stated, however, the circumstances surrounding the deaths of these parties are such that it cannot be said either that the son survived the father or that he predeceased him. There being no available proof of the time of the legatee's death with relation to that of the testator, the situation will be treated as though the parties had died at the same instant. (*St. John* v. *Andrews Institute, supra.*) The question, then, is whether under such circumstances the death of the legatee occurred " during the lifetime of the testator " within the meaning of section 29 of the Decedent Estate Law. The purpose of the enactment of this legislation was to " remedy the inequities of the common law and to preserve for lineal descendants of a devisee the benefits which their parent would have derived had death not intervened." (*Matter of O'Neil,* 174 Misc. 213.) Without doing violence to the letter of the statute, can it not be said that the Legislature intended to preserve a legacy or devise for the lineal descendants of the legatee or devisee within the specified class in all cases where the party named in the will fails to survive the testator?

The rules governing construction of statutes is aptly stated in *People ex rel. Wood* v. *Lacombe* (99 N. Y. 43, 49) as follows: " In the interpretation of statutes, the great principle which is to control is the intention of the Legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literary interpretation is not always to be adhered to, and where the case

is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute. A reasonable construction should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers. These general rules are upheld by numerous authorities. (*People ex rel. 23rd St. R. R. Co.* v. *Commissioners of Taxes,* 95 N. Y. 558; *Burch* v. *Newbury,* 10 id. 389; *Oswego Starch Factory* v. *Dolloway,* 21 id. 461; *People* v. *N. Y. C. R. R. Co.,* 13 id. 78; *Donaldson* v. *Wood,* 22 Wend. 397; *Watervliet T. Co.* v. *McKean,* 6 Hill, 619; 3 Bingham, 193; *Commonwealth* v. *Kimball,* 24 Pick. 370.) "

Applying these general principles to the statute under consideration, I am of the opinion that the phrase " die during the lifetime of the testator " should be construed in the light of the object sought to be achieved by the enactment of this legislation, viz., to prevent the lapsing of legacies in favor of members of the testator's immediate family, not only where the legatee predeceases the testator, but also in the case of the death of both parties in a common disaster, in the absence of proof of survivorship. " It is the spirit and purpose of a statute which are to be regarded in its interpretation." (*Wood* v. *Lacombe, supra.*) I, therefore, hold that the interest in this decedent's estate left to his son John M. Macklin vests in the latter's two children, Robert and Peter, share and share alike. (Dec. Est. Law, § 29.)

The remaining question to be determined pertains to the effect of the beneficiary provisions in a life insurance policy in the sum of $10,000 issued by the Connecticut General Life Insurance Company on the life of the son John M. Macklin. The policy provides that upon the death of the insured the proceeds thereof were to be paid " in equal shares to Paul M. Macklin, father of the Insured, and Evelyn Macklin, wife of the Insured, if they survive the Insured." The policy further provides: " Unless otherwise provided herein or agreed in writing by the Company, the interest of any deceased Beneficiary shall pass to the surviving Beneficiary or Beneficiaries, if any; otherwise to the executors, administrators or assigns of the Insured." The question, therefore, is whether under the facts presented the decedent or his estate has any interest in the proceeds of the policy.

It is well settled that where both the insured and the beneficiary die as the result of a common disaster and a policy of life insurance

is, by its terms, payable to the beneficiary " if living," said beneficiary cannot be said to be " living " and entitled to the proceeds of the insurance. (*McGowin* v. *Menken*, 223 N. Y. 509; *Dunn* v. *New Amsterdam Casualty Co.*, 141 App. Div. 478; *Morgan* v. *Sackett*, 172 Misc. 855.) In other words, the beneficiary or his estate has the burden of proving " survivorship," and, in the absence of such proof, no death benefits vest in him or his estate. (*Morgan* v. *Sackett, supra.*)

As has already been stated, there being no presumption of survivorship (*McGowin* v. *Menken, supra*), and since it is impossible for the executors to offer any such proof, it follows that the entire death benefits of the policy of insurance in question vest in the surviving beneficiary, Evelyn B. Macklin. Petitioner, as executor, is, therefore, authorized to execute and deliver to the company an appropriate release of any and all rights in and to said policy or the proceeds thereof which may have belonged to the decedent or his estate.

Settle order.