## NYE et al. v. MUTUAL BEN. LIFE INS. CO. et al.

### Civ. No. 3190.

District Court, E. D. New York.
Nov. 12, 1943.

Purdy & Lamb, of New York City (Edmund F. Lamb and John P. Carson, both of New York City, of counsel), for plaintiffs.

Littlefield & Marshall, of New York City, for defendant Mutual Benefit Life Ins. Co.

Campbell, Harding, Goodwin & Danforth, of New York City (William F. Clare, Jr., of New York City, of counsel), for defendants Caroline D. Nye Sams and Bonna Joy Sams, an infant.

MOSCOWITZ, District Judge.

This is a motion by the plaintiffs for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for summary judgment in favor of the plaintiffs, it being claimed that there is no genuine issue as to any material fact, and that plaintiffs are entitled to judgment as a matter of law.

This action was brought by the plaintiffs against the defendant The Mutual Benefit Life Insurance Company, hereinafter referred to as the insurance company, to recover the sum of $5,000, it being one-half of the proceeds of a life insurance policy on the life of Olin T. Nye, who died on January 6, 1943.

There was interpleaded by the insurance company the defendants Caroline D. Nye Sams, Bonna Joy Sams, an infant, and Olin A. Storch, as temporary administrator of the estate of Olin T. Nye, deceased.

The plaintiffs allege that four days prior to the death of Olin T. Nye, on January 2, 1943, he executed a written request, requesting the insurance company to change the beneficiary to the extent of $5,000 of the proceeds of the policy and directed that said sum be paid to the plaintiffs. It appears that this written request was not signed by the deceased and that it was delivered to one Bert C. Cate, an insurance agent, on January 2, 1943, along with the original policy. This request was delivered to the insurance company which prepared an endorsement on the policy.

The answer and counterclaim admit that a request for a change of beneficiary was delivered to Cate by an unknown person and that the insurance company prepared an endorsement in accordance with this request and that neither the original policy nor the endorsement were returned to the deceased.

The defendants Caroline D. Nye Sams and Bonna Joy Sams oppose the motion. They state that there is no dispute that in a proper case where a deceased prior to his death did everything possible to accomplish a change of the beneficiary provisions of the policy, the change became effective prior to his death. According to the decisions of the Courts this seems to be the law in the State of New York. See Fink v. Fink, 171 N.Y. 616, 64 N.E. 506; Thomas v. Thomas, 131 N.Y. 205, 30 N.E. 61, 27 Am.St.Rep. 582; Voros v. Barna, 158 Misc. 500, 285 N.Y.S. 926; Equitable Life Assurance Society v. Arnold, et al., D.C., 27 F.Supp. 360; Greenfield v. Massachusetts Mutual Life Ins. Co., 253 App.Div. 51, 1 N.Y.S.2d 52, leave to appeal denied, 277 N.Y. 737; Baley v. Prudential Insurance Company of America, 147 Misc. 488, 263 N.Y.S. 244; Rothstone v. Norton, 231 App.Div. 59, 246 N.Y.S. 354; Lahey v. Lahey, 174 N.Y. 146, 66 N.E. 670, 61 L.R.A. 791, 95 Am.St.Rep. 554; Luhrs v. Luhrs, 123 N.Y. 367, 25 N. E. 388, 9 L.R.A. 534, 20 Am.St.Rep. 754; Chatham Phenix National Bank & Trust Co. v. Travelers' Insurance Co. of Hartford, Conn., 232 App.Div. 598, 251 N.Y.S. 43; Deyo v. Grosfeld, 163 Misc. 27, 294 N.Y.S. 1010, affirmed 163 Misc. 30, 294 N.Y.Supp. 1014; Considine v. Considine, 255 App.Div. 876, 7 N.Y.S.2d 834.

The defendants Caroline D. Nye Sams and Bonna Joy Sams have raised the question as to whether there was a change in the beneficiary provisions of the policy. Affidavits have been submitted by Olin A. Storch, Daisy Rawlinson and Bertram W. Nye, Jr., from which it would appear that the deceased prior to his death changed the beneficiary provision of the policy. A conclusion could be drawn from these affidavits that the deceased did everything possible to effect the change and did intend to effect the change of beneficiary. The defendants Caroline D. Nye Sams and Bonna Joy Sams argue that they are entitled to cross-examine these witnesses, that there is an issue of fact to be determined by a jury.

An issue of fact is presented. Did the deceased do all that was possible to effect a change in beneficiary? Did he in fact change the beneficiary? These

questions cannot be decided upon motion for summary judgment. A summary judgment should only be granted in a case where there is a question of law to be decided or where there is no issue of fact to be tried. Here there is an issue of fact and the plaintiffs can therefore not avail themselves of the remedy for summary judgment.

Motion denied.

Settle order on notice.